IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YEDI VARGAS ROJAS<br>*Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| MERRICK GARLAND, *et al.*,<br>*Defendants* | : | NO. 23-3215 |

## MEMORANDUM

PRATTER, J.                                                                                                                          SEPTEMBER 6, 2023

Yedi Vargas Rojas is a citizen of Colombia. She is currently in the custody of the United States Department of Homeland Security Immigration and Customs Enforcement. Ms. Vargas was ordered removed *in absentia* by a Seattle Immigration Court after she failed to attend a hearing. Ms. Vargas filed a motion to rescind the removal order and to reopen the removal proceedings on the grounds that she lacked notice. The Seattle Immigration Court denied her motion. Ms. Vargas appealed this denial to the Board of Immigration Appeals (BIA) and filed a motion to stay her removal during the pendency of the appeal. The BIA denied Ms. Vargas's stay of removal but has not yet adjudicated Ms. Vargas's appeal. Ms. Vargas's deportation is now imminent.

Ms. Vargas filed a complaint in this Court seeking mandamus relief. She also filed a motion for a temporary restraining order and a preliminary injunction seeking to enjoin her pending deportation and for an order compelling the BIA to adjudicate her appeal.

As set forth below, the Court denies Ms. Vargas's motion because venue is not proper in the Eastern District of Pennsylvania. Ms. Vargas's case will be transferred to the U.S. District Court for the Western District of Washington, a district where venue is undeniably proper.

1

## BACKGROUND

Ms. Vargas entered the United States in August 2021. She was apprehended near the border but was released from immigration custody shortly thereafter. Ms. Vargas was advised to appear for an appointment with a deportation officer in Seattle, Washington. Ms. Vargas alleges that when she appeared for this appointment, she was not allowed to enter the building because of pandemic-related restrictions and was advised that her appointment would be rescheduled. Ms. Vargas later moved to New Jersey, but she failed to provide the Immigration Court with her new address. Ms. Vargas alleges that she was not aware that she had to provide her new address to the Immigration Court because she was never made aware of her obligation to do so.

In September 2021, the United States Department of Homeland Security (DHS) issued a notice to appear (NTA) charging Ms. Vargas with removability based on her illegal entry. The NTA instructed Ms. Vargas to appear for a hearing at the Seattle Immigration Court on May 11, 2022. The NTA was served and mailed to the address on file—the Seattle, Washington address where Ms. Vargas lived before moving to New Jersey. Ms. Vargas did not receive this NTA because she no longer lived at the Seattle address. Another notice was issued rescheduling the hearing to August 10, 2022; however, for the same reason, Ms. Vargas did not receive this notice. Ms. Vargas failed to appear at the August 10, 2022 hearing, and the Seattle Immigration Court entered an Order of Removal In Absentia.

Ms. Vargas was detained by immigration officials in May 2023 and was placed in custody.[1] It was at this time that Ms. Vargas learned that she had been ordered removed *in absentia* for failing to appear at the August 10, 2022 immigration hearing. Ms. Vargas filed a *pro se* motion in

---

[1] At the time that Ms. Vargas filed her complaint, she was detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. However, the parties notified the Court that Ms. Vargas has since been transported to Louisiana.

the Seattle Immigration Court to rescind the order of removal and to reopen the removal proceedings due to lack of notice. On July 18, 2023, the Seattle Immigration Court denied Ms. Vargas's motion because she failed to demonstrate that her failure to appear was the result of exceptional circumstances.

On July 21, 2023, Ms. Vargas, through counsel, appealed the Seattle Immigration Court's denial of her motion to reopen to the Board of Immigration Appeals (BIA). She also filed a motion to stay removal during the pendency of this appeal. Ms. Vargas filed a brief in support of her appeal on August 14, 2023. DHS has not filed a brief in opposition to Ms. Vargas's appeal. On August 17, 2023, the BIA denied Ms. Vargas's request to stay; however, it has not yet adjudicated her appeal of the denial of her motion to reopen. Ms. Vargas's deportation is now imminent. Ms. Vargas alleges that she likely faces prosecution, torture, and death if she is removed to Colombia because she reported the kidnapping of her boyfriend, who refused to comply with extortion threats from a paramilitary group.

On August 21, 2023, Ms. Vargas initiated this action by filing a complaint against numerous government defendants.[2] Ms. Vargas (1) seeks a writ of mandamus under 28 U.S.C. § 1361; (2) alleges that the defendants violated the Administrative Procedure Act, 5 U.S.C. §706(1), which provides that a court shall compel agency action when such action has been unreasonably delayed; and (3) alleges that the defendants violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) because the defendants' policy and practice is arbitrary and capricious. On August 23,

---

[2] Ms. Vargas names the following individuals as defendants in this action: Merrick Garland, in his official capacity as Attorney General; David L. Neal, in his official capacity as Director, Executive Office for Immigration Review; David H. Wetmore, in his official capacity as Chairman, Board of Immigration Appeals; Brian McShane, in his official capacity as acting Philadelphia Field Office Director for U.S. Immigration and Customs Enforcement; Patrick J. Lechleitner, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; and Alejandro Mayorkas, in his official capacity as Secretary, U.S. Department of Homeland Security.

2023, Ms. Vargas filed a motion for a temporary restraining order and a preliminary injunction seeking an order granting this injunction relief and enjoining the defendants from removing Ms. Vargas from the United States during the pendency of her petition for a writ of mandamus.

## DISCUSSION

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity," venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . ., or (C) the plaintiff resides." 28 U.S.C. § 1391(e)(1). Federal officers are "considered to reside in the place where they perform their official duties." *Jackson v. Fed. Bureau of Prisons*, No. 19-cv-287, 2019 WL 8752339, at *5 (M.D. Pa. Dec. 9, 2019); *accord Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties."); *Knight v. Corp. for Nat'l & Cmty. Serv.*, No. 03-cv-2433, 2004 WL 2415079, at *6 (E.D. Pa. Oct. 28, 2004) ("The residence of a federal officer is determined by the place where he performs his official duties.").

"A defendant against whom no cognizable claim has been stated, however, may be disregarded for venue purposes." *Jackson*, 2019 WL 8752339, at *5; *see also White Hat v. Landry*, 475 F. Supp. 3d 532, 549–50 (M.D. La. 2020) (dismissing claims against the Attorney General and not considering the Attorney General for purposes of venue "because Plaintiffs have not alleged sufficient facts to show that the Attorney General has more than a scintilla of a connection with the enforcement of or prosecution under La. R.S. 14:61, [so] the Attorney General is not a

4

proper defendant"); *Ervin v. Jud. Council of Cal.*, No. 06-cv-7479, 2007 WL 1489255, at *2–*3 (N.D. Cal. May 18, 2007) (concluding that where the Judicial Council was "the only Defendant with any connection to the Northern District of California," and because the "Plaintiff has not stated a cause of action against the Judicial Council . . . the inclusion of the Judicial Council does not provide venue in [the Northern District of California] under § 1391").

Ms. Vargas alleges that one of the defendants—Brian McShane, the acting Philadelphia Field Office Director for ICE, a component agency of DHS—has an office located in Philadelphia, Pennsylvania. Mr. McShane is a federal officer, and because his office is located in Philadelphia and because he "perform[s his] official duties" in Philadelphia, he is deemed to "reside" in the Eastern District of Pennsylvania. *Jackson*, 2019 WL 8752339, at *5; *see, e.g., Nat'l Wildfire Refuge Ass'n v. U.S. Army Corps of Eng'rs*, No. 22-3498, 2023 WL 5015292, at *1, *3 (D.D.C. Aug. 7, 2023) (concluding "that venue is proper in the Southern District of Georgia" because the United States Army Corps of Engineers "is 'an agency of the United States' with an office located in Savannah, Georgia, which is within the Southern District of Georgia . . . [t]hus, venue is proper in [that] district"). Because venue is proper in a civil action against officers of the United States where "a defendant in the action resides," venue may be proper in the Eastern District of Pennsylvania because Mr. McShane resides within this district. 28 U.S.C. § 1391(e)(1)(A).

To find that venue is proper based on Mr. McShane's residence, the Court must consider whether Mr. McShane is a proper defendant, i.e., whether a cognizable claim has been stated against him. *See Jackson*, 2019 WL 8752339, at *5; *White Hat*, 475 F. Supp. 3d at 549; *Ervin*, 2007 WL 1489255, at *2–*3.

### A. Ms. Vargas Fails to State a Cognizable Claim Against Mr. McShane

When assessing whether venue is improper, "a court must accept as true the allegations in the complaint." *MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010). Similarly, when assessing whether a complaint states a cognizable claim, a court accepts the factual allegations in the complaint as true, but it is not "compelled to accept *unsupported conclusions* and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (emphasis added) (internal citations and quotation marks omitted). "[A] complaint must contain *sufficient factual matter* . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (internal quotation marks omitted); *see also White Hat*, 475 F. Supp. 3d at 549 (concluding that the Attorney General was not a proper defendant because the plaintiffs failed to allege sufficient facts to show that "the Attorney General has more than a scintilla of a connection with the" underlying claims).

Ms. Vargas's complaint alleges as follows with respect to Mr. McShane:

> Respondent Brian McShane is named is his official capacity as the acting Philadelphia Field Office Director for Immigration and Customs Enforcement, a component agency of the U.S. Department of Homeland Security. In this capacity, Respondent McShane is responsible for the administration of federal immigration law and the execution of detention and removal determinations and, as such, he is a legal custodian of Ms. Vargas. Respondent McShane's office is located 114 North 8th Street, Philadelphia, PA 19107.

Compl. ¶ 8. This is the only allegation specifically related to Mr. McShane. The complaint is devoid of any factual allegations that Mr. McShane engaged in any conduct, or oversaw the conduct of others, which related to, or impacted, Ms. Vargas's deportation.[3] The Court fails to see

---

[3] Ms. Vargas attempts to allege additional facts regarding Mr. McShane's involvement in her letter brief opposing the Government's answer in opposition to her motion for a temporary restraining order. Ms. Vargas alleges that "on information and belief, Defendant McShane or another employee of the Philadelphia Field Office of Immigration and Customs Enforcement communicated with the Board of Immigration Appeals, about Ms. Vargas's scheduled removal date. In response to that communication, the BIA denied Ms. Vargas's motion for stay of removal while withholding adjudication of her appeal." Pl.'s

how Ms. Vargas could possibly state a cognizable claim against Mr. McShane when she has not alleged *any* "factual matter . . . to state a claim to relief that is plausible on its face" as against Mr. McShane. *Ashcroft*, 556 U.S. at 678.

With respect to her petition for mandamus relief under 28 U.S.C. § 1361, Ms. Vargas alleges that all of the "Defendants are empowered to instruct the BIA to adjudicate a motion pending before it," and that "[t]he BIA has a duty to adjudicate Ms. Vargas's motion within a reasonable time." Compl. ¶¶ 38, 40. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Ms. Vargas alleges that because all of the defendants have authority to instruct the BIA to adjudicate an appeal, and because the BIA has a duty to adjudicate Ms. Vargas's appeal, this Court should "[o]rder Defendants to instruct the BIA to render a decision on Ms. Vargas's unopposed appeal from a denial of her motion to reopen." Compl. at 13.

However, absent from Ms. Vargas's complaint are any factual allegations supporting her assertion that the defendants, and specifically Mr. McShane, are empowered to instruct the BIA to adjudicate a motion pending before it. Ms. Vargas explicitly alleges that three of the defendants—Merrick Garland in his official capacity as Attorney General of the United States and head of the

---

Br. in Opp., at 2. She claims that this establishes that venue is proper in the Eastern District of Pennsylvania because "a substantial part of the events and omissions giving rise to Ms. Vargas's claim occurred in this District." *Id.*

Courts cannot address new allegations made in a filing other than an amended complaint. *See Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 385 (E.D. Pa. 2008) ("[A plaintiff] cannot raise a new claim in her brief that she has not already pleaded.") (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 (3d Cir. 1997)); *Fudge v. Marsh*, No. 20-cv-2112, 2022 WL 509329, at *4 (M.D. Pa. Feb. 18, 2022) (declining to consider plaintiff's new allegations that were only asserted in his brief in opposition to defendant's motion to dismiss); *Spence v. Balchon*, No. 16-cv-357, 2019 WL 2358454, at *7 (W.D. Pa. Apr. 11, 2019) ("The Court cannot address Plaintiff's new claims and allegations . . . in his Response without an Amended Complaint."). Thus, the Court cannot consider these newly asserted factual allegations when determining whether Ms. Vargas stated a cognizable claim against Mr. McShane.

Department of Justice, David L. Neal in his official capacity as Director of EOIR, and David H. Wetmore in his official capacity as Chairman of the BIA—are "empowered to instruct the BIA to adjudicate an immigration motion." Compl. ¶¶ 5–7. But this claim is notably lacking from Ms. Vargas's allegation regarding Mr. McShane, which is set forth above in full. There exists a gap in the complaint as to how Mr. McShane, the Philadelphia Field Office Director for ICE, has the authority to instruct the BIA to adjudicate Ms. Vargas's appeal such that she can sustain her mandamus action against him. Given the lack of factual allegations regarding Mr. McShane in the complaint, the Court need not accept the unsupported conclusion that Mr. McShane is empowered to instruct the BIA to adjudicate Ms. Vargas's appeal as true at this stage. *Baraka*, 481 F.3d at 195.

Ms. Vargas fails to state a cognizable cause of action against Mr. McShane because she has not alleged "sufficient factual matter" to support her claims. *Ashcroft*, 556 U.S. at 678. Mr. McShane is not a proper defendant; thus, the Court need not consider Mr. McShane's residence for purposes of venue. Because Mr. McShane is the only defendant who resides in this district, the Court considers where the events giving rise to the complaint occurred and where Ms. Vargas resides to determine if venue in the Eastern District of Pennsylvania is proper.

### B. The Events Giving Rise to Ms. Vargas's Claims Did Not Take Place in the Eastern District of Pennsylvania

Venue in the Eastern District of Pennsylvania is not proper because the events giving rise to Ms. Vargas's claims did not occur in this district. *See* 28 U.S.C. § 1391(e)(1)(B).

The events giving rise to Ms. Vargas's claims took place in the Western District of Washington. After being detained upon entry to the United States, Ms. Vargas was released and temporarily resided in Seattle, Washington, which is in the Western District of Washington. The immigration authorities had an address in Seattle, Washington listed as Ms. Vargas's address. The NTA for the August 2022 hearing in the Seattle Immigration Court was sent to Ms. Vargas's

Seattle address. Ms. Vargas was ordered removed *in absentia* by the Seattle Immigration Court. When Ms. Vargas learned of this removal order, she filed a motion in the Seattle Immigration Court to rescind the removal order and reopen the removal proceedings. The Seattle Immigration Court denied Ms. Vargas's motion to reopen, prompting Ms. Vargas to appeal the Seattle Immigration Court's denial to the BIA.

The first event known to this Court that took place in the Eastern District of Pennsylvania, and which relates to Ms. Vargas's pending deportation, was the filing of Ms. Vargas's complaint seeking mandamus relief based on the BIA's denial of her stay of removal and its failure to adjudicate her pending appeal. In the complaint, Ms. Vargas alleges that venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1391(e) "because Ms. Vargas is being detained under their jurisdiction of the ICE field office in Philadelphia, PA, in the Eastern District of Pennsylvania." Compl. ¶ 12. However, this bare assertion is without factual support and is insufficient to establish that venue in this district is proper.

Because the record clearly demonstrates that the events giving rise to Ms. Vargas's claims took place in the Western District of Washington, this Court fails to see how venue could be proper in the Eastern District of Pennsylvania.

### C. Ms. Vargas Does Not Reside in the Eastern District of Pennsylvania

Venue in the Eastern District of Pennsylvania is not proper because Ms. Vargas does not reside within this district. *See* 28 U.S.C. § 1391(e)(1)(C). Ms. Vargas was a resident of New Jersey before being detained by immigration authorities; thus, for venue purposes, Ms. Vargas could be considered a resident of the District of New Jersey. *Id.* § 1391(c)(1) ("[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled."). However, Ms.

Vargas has not alleged any facts suggesting that she could be considered a resident of the Eastern District of Pennsylvania for venue purposes.

* * * * *

Venue in the Eastern District of Pennsylvania is not proper because (1) the only defendant who resides in the Eastern District of Pennsylvania—Mr. McShane—is not a proper defendant and need not be considered for purposes of venue, (2) the events giving rise to Ms. Vargas's claims did not occur in the Eastern District of Pennsylvania, and (3) Ms. Vargas does not reside within the Eastern District of Pennsylvania. 28 U.S.C. § 1391(e)(1). Because venue is improper, the Court will not address the jurisdictional challenges raised by the Government, or the merits of Ms. Vargas's underlying motion for a temporary restraining order and preliminary injunction.

When venue is not proper, courts are empowered to "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, it is in the interest of justice to transfer Ms. Vargas's case to a district where venue is proper. The record establishes that the events giving rise to Ms. Vargas's claims took place in the Western District of Washington, and both parties agree that venue is proper in that district. Ms. Vargas's case will thus be transferred to the U.S. District Court for the Western District of Washington.

CONCLUSION

For the reasons set forth above, venue is improper in the Eastern District of Pennsylvania. Thus, the Court denies Ms. Vargas's motion for a temporary restraining order and a preliminary injunction, and Ms. Vargas's case will be transferred to the U.S. District Court for the Western District of Washington. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE